[Opinion approved May 25, 1883.]

W. HOLMES ET AL. v. J. T. ANDERSON.

(Case No. 4882.)

1. EVIDENCE — CERTIFIED COPIES FROM LAND OFFICE. — A certified copy of a land certificate, made by the commissioner of the general land office, the original being on file in his office, as a link in the chain of title to a survey of land which has been properly returned to that office, is admissible in evidence, and subject only to such objections as could be made to the original. Short v. Wade, 25 Tex., 510, not overruled, but controlled by a change in the statute law. R. S., 2253, 2259, 3808.

2. SURVEY — EVIDENCE. — As against a junior locator, with notice that a survey under a prior location was actually made in the field, the certificate of the surveyor failing to show that fact is not conclusive; it may be shown by parol. The failure or refusal of the commissioner of the general land office to patent on such defective certificate cannot affect its validity.

3. JUDICIAL KNOWLEDGE.— The courts will not take judicial knowledge of the con-
    tents of a special act of the legislature, providing for the issuance to an individual
    of a land certificate.
4. CONSTITUTIONAL LAW.— Though a duplicate certificate, in lieu of one lost, might
    have been obtained under existing laws, yet it was competent for the legislature,
    under the constitution of 1870, to direct the issuance of an original certificate in
    satisfaction of a pre-existing right, which had once been evidenced by a certificate,
    which had been lost.  If, however, no certificate had ever issued, though the facts
    may once have authorized it, the legislature would have had no power, under the
    constitution of 1870, to provide for its issuance.

APPEAL from Taylor.  Tried below before J. W. Stephens, Esq.,
special judge.

The suit was brought by J. T. Anderson in trespass to try title.
The suit involved the validity of conflicting locations and surveys;
the pleadings and evidence were lengthy, and a statement of them
would not make more plain the principles involved and decided than
the opinion states them.

*Rector & Thompson,* for appellants.

*Spoouts & Legett,* for appellee.

STAYTON, ASSOCIATE JUSTICE.— The parol evidence offered to prove
the conveyance of the land certificate to Worthington was not ad-
missible, it appearing that the conveyance was made by an instru-
ment in writing; and besides, if it had been admissible, it was
insufficient to prove the conveyance.

The certified copy of the conveyance of the certificate having
been withdrawn from the consideration of the court before any
ruling was made as to its admissibility, it cannot now be considered.

In view of another trial, it is proper to say that a certified copy
of a land certificate, made by the commissioner of the general land
office, the original being on file in his office, as a link in the chain of
title to a survey of land which has been properly returned to that
office, is admissible, and is subject only to such objections as could
be made to the original were it produced.  R. S., 2253, 2259, 3808.

The reasons for the rule excluding such evidence laid down in
Short v. Wade, 25 Tex., 510, do not apply under the changed con-
dition of the law evidenced by the articles of the Revised Statutes
referred to.

Although there were irregularities in the entry of the Willett
Holmes certificate for location, it is not believed that they were of
such character as to invalidate the survey as against one who made
a subsequent location of the same land after the survey under the

Holmes certificate had been made and recorded, full notice of that fact being given to the subsequent locator, otherwise than by the records of the surveyor's office, prior to the making of the subsequent location. One of the leading purposes for making the formal entry of a location is to give notice of the appropriation of the land to the certificate filed.

If the surveyor's certificate does not show that the survey was actually made in the field, in a contest between a holder under such survey and a junior locator, that it was so made might be shown by other evidence than the surveyor's certificate. Whether the commissioner of the land office would issue a patent upon such defective certificate does not affect the validity of the survey, if properly made.

It appears from the record that the Willett Holmes certificate, under which appellants claim the land in controversy, was issued under a special act of the legislature of date May 26, 1873. The special act was not offered in evidence, and we cannot judicially know whether that act was the sole basis for the right of Willett Holmes to a certificate or not. The certificate was for a league and labor of land, and professes to be a headright certificate. If, at the time of the adoption of the constitution of 1870, there existed a valid unsatisfied certificate to Willett Holmes for a league and labor of land, and it had been lost, and it became necessary to have such evidence of that fact as would authorize Willett Holmes or his assignees to appropriate so much land, or if, for any other reason, it became necessary to issue to Holmes a certificate to evidence a right which he had, through a valid unsatisfied land certificate existing at the time of the adoption of the constitution of 1870, then the legislature had the power to direct a certificate to issue to evidence such right, although a duplicate might have been obtained under the general law.

If, however, there was no valid unsatisfied certificate in favor of Willett Holmes for a league and labor of land in existence potentially, although the evidence of it may have been lost or destroyed, at the time the constitution of 1870 was adopted, then the legislature had no power to grant to Willett Holmes a land certificate for a league and labor of land as a headright, although at some past time the facts may have existed which would have entitled him to a certificate for that quantity of land. Constitution 1870, art. X, section 6; Bacon and Bates v. Russell, 57 Tex., 415.

After the adoption of the constitution of 1870, so long as it continued in force, the legislature had no power to authorize the origi-

nal issue of such land certificates as issued to Willett Holmes by reason of any equity or right which he, at some former time, may have had.

From time to time the legislature had furnished ample means to such persons as were entitled to receive land certificates of any of the different classes, by which they could obtain them, and even the act of February 7, 1860, applied to the original issue of head-rights of the first class; and against all who failed to avail themselves of the offered opportunities, the constitution of 1870 operated as a bar to further extension of time or means by the legislature.

The judgment will be reversed and the cause remanded, and upon another trial those claiming through the Willett Holmes certificate will have an opportunity to show, if they can, that the certificate was legally issued.

REVERSED AND REMANDED.

[Opinion delivered May 25, 1883.]