GALVESTON-HOUSTON ELECTRIC RY. CO. et al. v. STAUTZ.

(Court of Civil Appeals of Texas. San Antonio. April 15, 1914.)

1. EVIDENCE (§ 29*)—JUDICIAL NOTICE.
   Sp. Laws 1909, pp. 601–611, will not be considered by the courts, in the absence of proof of its existence; there being no provision therein making it a public act and requiring the courts to take judicial notice of it.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 36, 37, 39, 43–46, 48; Dec. Dig. § 29.*]

2. TRIAL (§ 194*)—INSTRUCTIONS—JURY QUESTION.
   In an action for damages for injury to plaintiff's sailboat by defendants' failure to lift a bridge, which they were operating under a contract with the owner, to a sufficient height to permit the vessel to pass, it was error to charge, as a matter of law, that a failure to lift the bridge to a perpendicular position was negligence; that being a jury question.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

3. NAVIGABLE WATERS (§ 20*)—OBSTRUCTION BY BRIDGE—ACTIONS—EVIDENCE.
   In an action for injury to plaintiff's sailboat by defendants' failure to lift sufficiently high a lift bridge maintained by defendants over a part of Galveston Bay, the state of the wind and tide at the time, as well as the character of the vessel, should be considered in determining the questions of negligence and contributory negligence.
   [Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 73–99; Dec. Dig. § 20.*]

4. EVIDENCE (§ 423*)—PAROL EVIDENCE—MODIFYING WRITING.
   Evidence contradicting a written agreement with respect to whether the liability thereunder was joint or several was properly excluded.
   [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 423.*]

Appeal from Galveston County Court; George E. Mann, Judge.

Action by Henry Stautz against the Galveston-Houston Electric Railway Company and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Terry, Cavin & Mills, W. T. Armstrong, and John G. Gregg, all of Galveston, for appellants. Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, for appellee.

FLY, C. J. This is a suit for damages, instituted by appellee against the Galveston-Houston Electric Railway Company, to recover damages alleged to have accrued by reason of the failure of said company to raise the lift bridge on the Galveston Causeway, a structure across Galveston Bay that connects Galveston Island with the mainland. By an amended petition the Gulf, Colorado & Santa Fé Railway Company and the Galveston, Harrisburg & San Antonio Railway Company were also made defendants. A trial by jury resulted in a verdict and judgment for appellee in the sum of $500.

The causeway from Galveston Island to the mainland has in it a bridge which can be lifted to a perpendicular position so as to leave an open space of 100 feet for the passage of boats. Appellee was the owner of a sailboat, and was desirous of passing through the causeway, and, when he got in 150 or 200 yards of the lift bridge, he blew his horn, and those in charge lifted the bridge until it stood at an angle of about 45 degrees, leaving about 50 feet of the passageway open. Appellee endeavored to pass through the opening, but failed to do so, and ran his boat into a pier, and damaged it so that it sank in a few moments. Appellee escaped in a small boat.

There was a contract made between Gal-

veston county and appellants, whereby a certain part of the causeway was leased to them for a number of years, in consideration of which lease they agreed, among other things, that they would be liable for all damages from a failure to repair and maintain the causeway and bridge, as well as for all damages to persons. The duty of operating the lift bridge was placed by the contract on the steam and electric railways. The contract was approved by the Railroad Commission of Texas, and in the argument of appellee's counsel it is claimed that it was approved by the Legislature of the state.

[1] No evidence of the legislative approval appears in the statement of facts, but this court is referred to the Special Laws of 1909, pp. 601–611. That act should not be considered in the absence of proof of its existence, there being no provision in the act making it a public one and requiring the courts to take judicial notice of it. Holmes v. Anderson, 59 Tex. 481; City of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046. We shall, however, consider the contract as though it had been approved and confirmed by the Legislature, and thereby give it the effect of a public statute. We do this in view of another trial of this cause, when it would be proved, and the claim made that it rendered the act of appellants in not raising the bridge to a perpendicular position negligence per se, and would again justify the court in instructing the jury to that effect.

[2] The duty of lifting the bridge to a perpendicular position whenever those in charge of any vessel, large or small, desired to pass through the opening in the causeway, is not hinted at anywhere in the contract, and, in the absence of any such duty being enjoined upon appellants, it was error to instruct the jury that a failure to lift the bridge to a perpendicular position so as to open the passway for the full 100 feet, etc. As said in the case of Railway v. Hill, 71 Tex. 451, 9 S. W. 351: "We have been cited to no case where it has been held competent for the court to charge upon any particular combination of facts as constituting negligence, save when so declared by law." This declaration of the law is sustained by an unbroken line of decisions from Railway v. Murphy, 46 Tex. 356, 26 Am. Rep. 272, decided in 1876, down to the present time. The provision of law justifying a charge that certain acts constitute negligence must absolutely command or prohibit the doing of the acts, and it cannot be justified on the ground that the defendant has failed to perform certain duties which arise from his relation to the law or the public. For instance, a railroad company is authorized by law to own locomotives and to operate them over its tracks, but a court would not be justified in instructing a jury that it was negligence to operate its trains at a high and dangerous rate of speed, in the absence of a law to that effect.

The mere fact that appellants were authorized to build the lift bridge and to operate it did not compel them, as a matter of law, to lift the bridge to a perpendicular whenever a vessel was passing through. It was a question of fact as to whether it was negligence in appellants to lift the bridge only halfway up for appellee to pass through the causeway. Neither of the parties has deemed it necessary to cite authorities on this subject.

[3] If, under the circumstances attending the passage of the boat through the causeway, it was negligence to lift the bridge only halfway up, and such failure to so lift the bridge was the direct and proximate cause of the disaster, appellee should recover. And, of course, in passing upon the question of negligence of appellants, or the contributory negligence of appellee, the state of the wind and tide and the character of the vessel should be considered by the jury.

The admissions of appellants to the effect that the causeway was opened for traffic some two weeks before the accident, and that the Galveston-Houston Electric Company had, during that time, been operating cars on a regular schedule every hour, precluded the raising of any question as to whether the causeway was still in the hands of an independent contractor.

[4] The contract made the different railway companies jointly liable for damages at the lift bridge. Evidence contradicting the agreement was properly excluded. The authorities cited by appellants have no applicability to the state of facts developed in this case.

For the error indicated herein, the judgment is reversed, and the cause remanded.