## TOD v. MASSEY et al.

### No. 9507.

Court of Civil Appeals of Texas. Galveston.
July 3, 1930.

Bryan, Colgin, Suhr & Bering, of Houston, for appellant.

Roberts, Monteith, Baring & Wilson, of Houston, for appellees.

LANE, J.

Mrs. Osceola E. Tod brought this suit in the district court of Harris county, Tex., against Norman Atkinson, county judge of Harris county, Tex., and R. H. Spencer, C. D. Massey, W. G. Sharman, and Ben Reinicke, county commissioners of said county, as parties composing the commissioners' court of said county, praying for the issuance of a temporary injunction to restrain the defendants as a commissioners' court, and each of them as members of said court, from constructing a certain proposed road or passageway over and across certain lands owned by the plaintiffs, or doing any work on such proposed road on plaintiff's land, or from in any wise opening and operating such proposed road as a public road, and from expending any funds belonging to the county of Harris for the construction, maintenance, or operation of such proposed road, and for a permanent injunction upon final hearing.

The plaintiff alleged substantially that prior to the filing of her petition for injunction, on or about the ———— day of November, 1929, the county court of law of Harris county, upon the application of said county through its commissioners' court, rendered a judgment and decree in favor of said county against plaintiff, condemning a certain strip of plaintiff's land for the opening and operating of a public road or highway leading from

the corporate limits of the city of Houston to the boundary line of the county of Harris, such road to be designated as the Haden Road in Harris county, Tex.; that said court appointed S. M. Gibson, R. J. Shallcross, and A. O. Bernard as special commissioners to award such damages as they might find the plaintiff was entitled to by reason of the taking of her land.

■■ In her verified petition, the material allegations of which are taken as true, plaintiff alleged that at no time was she given any notice that defendants contemplated, intended to, or were about to determine whether or not there was a public necessity for the proposed road. nor was she given an opportunity to be heard before the commissioners' court or to submit evidence as to the necessity for the establishment of such proposed road; that notice was not given to her as owner of the land proposed to be taken for the proposed public road in accordance with article 6709, Revised Civil Statutes of 1925; that the special commissioners appointed by the county judge awarded to plaintiff as damages the sum of $542.50 for her land proposed to be taken.

Plaintiff further alleged that she is and had been for many years a large taxpayer to the county of Harris, and the state of Texas; that in the attempt to take her land defendants were unwisely and improvidently expending the money of the county, and that unless they are restrained from so doing plaintiff as a taxpayer to the county, and other such taxpayers, will suffer unnecessary loss and damage, in that there does not exist any public necessity for the proposed road; that as a matter of fact her said land was condemned as aforesaid at the special instance and request and for the special benefit of W. D. Haden Company, and that the public has and will have no interest in or use for said proposed highway running over and across plaintiff's said lands; and that the only persons who will use same will be a few of the employees of the W. D. Haden Company. That the general public not only has no necessity therefor but will have no use therefor, and there will be no occasion for residents or citizens of this county to use or travel upon said proposed highway running through plaintiff's land aforesaid; and that said proposed highway was condemned for the special use of said W. D. Haden Company and in order to give it an outlet which will be more convenient to it than the present road which is now being utilized by said company. That at the present time there exists a winding roadway by which said W. D. Haden Company has access to its plants and its properties and that the proposed roadway or highway was in fact adopted and approved by the commissioners' court and was condemned as aforesaid in order to favor said W. D. Haden Company by giving and affording it a shorter and more direct route to its property, and that this act on the part of the commissioners' court constitutes a gross abuse of its discretion.

That said roadway proposed as aforesaid, and to construct which the property of plaintiff was condemned, while designated and constructed as a public and county road, will in fact be nothing more than a private right of way leading to the plant of W. D. Haden Company and as such will not be used by the people of the county other than by W. D. Haden Company and in all probability a very few employees of said company.

Plaintiff further alleged that unless the injunction prayed for is issued she will suffer great and irreparable damage and injury privately, and as a taxpayer. She also alleged that she appealed to the county court from the award made by the special commissioners appointed by the county judge, which court had jurisdiction to adjudicate that question only and not the right of the county to take her land for the construction of the proposed road.

The defendants by their answer challenged the jurisdiction of the district court to hear and determine the issues raised by the plaintiff's petition. They insisted that since the judge of the county court at law of Harris county had, upon a petition duly presented to him, appointed special commissioners to award damages, who had thereupon made such award, from which award the plaintiff had appealed to said county court at law, such court of law became a court of competent jurisdiction to determine all the issues raised by the plaintiff's petition for injunction, and that since said county court at law had acquired jurisdiction to determine the whole controversy growing out of the condemnation proceedings, it had exclusive jurisdiction to determine such controversy and such jurisdiction could not be ousted by the district court.

The court sustained defendants' plea to its jurisdiction and dismissed plaintiff's suit for injunction. The plaintiff, Mrs. Tod, has appealed.

The gist of appellant's contention is that since the allegations of her petition must be taken as true, it is apparent that defendants are attempting to take a part of her land for the private purposes of W. D. Haden Company by condemnation proceedings and not for the construction of a public road, and that no property of a citizen can be taken for such private use by or through the proceedings of any court, and therefore the court proceedings sought to be put in force for the condemnation of plaintiff's land are void and subject to restraint by the district court.

534

Accepting appellant's allegations as true, we must sustain her contention. In Leathers v. Craig, 228 S. W. 995, 998, in an opinion by this court, writ of error denied by the Supreme Court, it is said:

"There is no law in this state which would authorize the taking of private property of one individual for the private use or convenience of another individual, or set of individuals, as is here attempted. That the lands of the citizen may be taken under the right of eminent domain for public highways is well settled; but the right of eminent domain implies that the purpose for which it may be exercised must be a public one and not a mere private one. A 'public use' is one which concerns the whole community in which it exists, as contradistinguished from a particular individual or number of individuals.

"It seems not to be allowable, therefore, to authorize private roads to be laid out across the land of unwilling parties by an exercise of the right of eminent domain. If by article 6876, Vernon's Sayles' Civil Statutes, by virtue of the provisions of which appellees contend the road in question can be opened across appellant's land, the Legislature intended to authorize the commissioners' court to take the property of one citizen for the use of private parties, even as a road, where no reasonable necessity exists therefor, then such law would be in violation of the Constitution of this state and could not stand.

"In the case of Moseley v. Bradford [Tex. Civ. App.] 190 S. W. 824, it is said:

" 'It is hardly necessary to say that the power of the commissioners' court to lay out public roads did not exist except in cases of public necessity therefor, and that it did not have authority to lay out such roads for the sole purpose of benefiting Bradford only.'

"Again: 'The action of a municipal body in taking private property for the benefit of an individual only, under the guise of a benefit to the public, is held by the authorities to be a legal fraud upon the rights of the owner of the property taken, and upon that theory may be impeached and set aside, even though the officers who take it had no fraudulent intent in same. Kansas City v. Hyde, 196 Mo. 498, 96 S. W. 201, 7 L. R. A. (N. S.) 639, 113 Am. St. Rep. 766.' * * *

"In 10 R. C. L. § 28, the following rule is stated:

" 'The use which will justify the taking of private property under the exercise of the right of eminent domain is the use by or for the government, the general public, or some portion of it as such, and not the use by or for particular individuals or for the benefit of particular estates.' "

Appellees, however, contend that, conceding the law to be as stated in the cases cited, the district court was without jurisdiction in the present case, in that the county court at law was a court of competent jurisdiction to hear and determine all the controversial issues; that it had assumed such jurisdiction, which could not be ousted by the district court in this injunction proceeding.

There are in our Statutes two titles under which provision is made for condemning and taking private property for public use. The first is "Title 52," under the head of "Eminent Domain" (articles 3264–3271), and the other is "Title 116, Chapter 2," under the head of "Establishment of County Roads" (articles 6702–6716). The first, we think, clearly provides the method and procedure to be followed in the condemnation and taking of private property for purposes of public use, other than for public roads, such as right of way or easement where such right of way or easement is necessary in construction of jails, courthouses, hospitals, etc., and other public purposes, as distinguished from public road purposes. And the second makes provision for the establishment and laying out of public roads and provides the method and procedure for condemning and taking private property for such purposes. It is there provided that petitions for the laying out and opening of public roads shall be presented to the commissioners' court, and that such laying out and opening shall be by such court. All procedure looking to the opening of public roads is to be conducted through or under the orders of such court.

It is hardly necessary to say that an attempt to take the private property of appellant for the benefit of W. D. Haden Company only, under the guise of a benefit to the public, if such is made, is a legal fraud upon the rights of appellant, even though the officers who so undertook to take the property had no fraudulent intent in making such attempt. Moseley v. Bradford (Tex. Civ. App.) 190 S. W. 824.

It being clear that the proceedings instituted to take appellant's land were to take it for road purposes and not for any of the purposes named under title 52, supra, the proceedings must, if successful, be instituted and prosecuted under the provisions of title 116, c. 2, Revised Civil Statutes of 1925, and not under the provisions of title 52, supra.

All proceedings to condemn and take land for public roads under the provisions of title 52 are void, and any attempt to do so may be enjoined by the district court.

However, without pleading or proof of the existence of a special act of the Thirty-Third Legislature, 1913, creating for Harris county, Tex., a Special Road Act (Local and Special Laws, 33d Legislature, 1913, c. 17), appellees now for the first time on appeal undertake

to invoke such act in support of their contention that they were authorized to have appellant's land condemned and taken for public road purposes by filing their petition praying for such condemnation and taking with the county judge of Harris county, and that by reason of such special act, and only by reason thereof, they were not required to resort to the provisions of title 116, c. 2, Revised Civil Statutes of 1925, which prescribes the procedure to be followed in the condemnation and taking of private property for public road purposes.

 Though we should agree with appellees that such special act authorized the procedure taken by appellees, if pleaded and proven, we cannot agree that such act can be invoked without such pleading and proof.

 It is apparent from the record that appellees did not in any proceedings in the trial court assert that the purported condemnation proceeding instituted by them was begun under any special statute, and it is further apparent that appellees did not attempt to offer any proof of the existence of such special statute, nor did they plead or attempt to prove that the provisions of such special statute had been by them complied with. Under such state of facts, appellees come too late, now on appeal for the first time, to avail themselves of such special statute.

The special statute of which appellees now seek to avail themselves is unquestionably a local and special act. Caldwell v. Crosser (Tex. Civ. App.) 20 S.W.(2d) 822, 827; Austin Bros. v. Patton (Tex. Com. App.) 288 S. W. 182; Clark v. Finley, 93 Tex. 171, 54 S. W. 343.

In the case first cited it is said:

"The special act by the Thirty-Ninth Legislature validating the bonds of Cochran County, was a local or special law, Austin Bros. v. Patton (Tex. Com. App.) 288 S. W. 182, and courts do not take judicial notice of local laws of the Legislature, Holmes v. Anderson, 59 Tex. 481. For a litigant to avail himself of such special law, it is necessary to both plead and prove it. This special act was not introduced in evidence, but the record discloses by oral testimony, without objection, that such bill was introduced, passed by the Legislature, signed by the Governor, registered, and became a law and validated the bonds."

Having reached the conclusion that the trial court erred in refusing to maintain jurisdiction of the cause and dismissing the same upon the plea of appellees, it becomes our duty to reverse the judgment and to remand the cause for a hearing upon its merits, and it is accordingly so ordered.

Reversed and remanded.