**RANSBERGER et al. v. LEACH.**

No. 1805.

Court of Civil Appeals of Texas. Eastland.

Sept. 17, 1937.

Davidson & McMahon, of Abilene, for appellants.

Anderson & Dickson, of Sweetwater, for appellee.

FUNDERBURK, Justice.

From an order granting, after hearing, a temporary injunction in favor of Jimmie Leach against Clyde Ransberger and A. R. Forster, the defendants have appealed.

Plaintiff's petition described a building constructed by the defendants at their own cost on a lot owned by the plaintiff. As regards the lot upon which the building was constructed, the relationship of the parties to each other was that of landlord and tenant. The purchase price of the lot (paid or agreed to be paid by the plaintiff) was $350, and the cost of erecting the building thereon by the defendants was approximately $1,650. The rental paid was $15 per month. There was some evidence of a verbal agreement upon the part of the defendants to rent the property for three years and to prepare and submit to plaintiff a written contract embodying such agreement. Such written contract was never prepared or delivered.

A study of the pleadings and evidence, in the light of the authorities, convinces us that the rights of the parties in the building under the facts of this case are dependent upon the intention of the defendants at the time of the construction of the building as to whether it was to be permanently, or only temporarily, affixed to the land upon which it was built. O'Neal

v. Quilter, 111 Tex. 345, 349, 234 S.W. 528. We think also that, aside from an agreement, if any, as evidence of a contrary intention, the undisputed evidence requires the presumption that defendants' intention was that the building should not be permanently affixed to the land. The real question for decision, therefore, is whether evidence of an agreement, testified to by plaintiff, constituted some evidence of an intention on the part of defendants that the building was to become a part of the land.

Plaintiff testified that after Ransberger had inquired of him concerning the ownership of the lot and had informed him that he was interested in putting up a wrestling arena, plaintiff asked him "Why don't you buy the lot?" Ransberger replied: "We wouldn't be interested in buying real estate." Ransberger then said: "You buy it and we will put you up a $1500 building on it." Plaintiff further testified: "He went into detail. He said they would put up the building, put a wrestling arena there and 'we will be there about three years'. * * *

"Q. Tell the court what he did say about the construction of the building. A. He said he would put up a $1500 building.

"Q. For who? A. For me.

"Q. And asked you for a contract for how long? A. For three years. * * *

"Q. I believe you testified he told you he would put you up a $1500 building? A. Yes."

Conceding that there was no evidence to show that the rights of the parties were fixed by contract, we believe that the foregoing testimony constitutes some evidence that it was the intention of the defendants that the building should, upon the expiration of the tenancy, become the property of plaintiff.

 We are not passing upon a question of the sufficiency of the evidence to establish the ownership of the building. That question would be one pertaining to the trial of the case on its merits. Whitaker v. Hill (Tex.Civ.App.) 179 S.W. 539; Hinckley-Tandy Leather Co. v. Hazelwood (Tex.Civ.App.) 35 S.W.(2d) 209; Kilburn v. Childers (Tex.Civ.App.) 86 S.W.(2d) 832. Whether or not it would be sufficient to establish an issue of the ownership of the building and consequently determinative of the right of defendants to remove it, the evidence was sufficient, we think, to warrant the action of the trial judge in preserving the status quo pending a trial of the case on its merits.

It is accordingly our opinion that the judgment of the court below should be affirmed, and it is so ordered.