Jack Davis, Herbert M. Schenker, San Antonio, for appellants.

Davis, Clemens, Knight & Weiss, George H. Spencer, all of San Antonio, for appellee.

## CITY OF SAN ANTONIO et al. v. SCOBEY FIREPROOF STORAGE CO.

### No. 12337.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 7, 1951.

W. O. MURRAY, Chief Justice.

This is an action by Scobey Fireproof Storage Company against the City of San Antonio, its officers and employees, seeking a temporary injunction and on final hearing a permanent injunction, restraining the City from tearing down certain temporary buildings located upon 7.5 acres of land, being a part of its Municipal Airport, which had been theretofore leased to the storage company for a period of fifty years, to be used as a foreign trade zone. From an order granting a temporary injunction, the City of San Antonio, its officers and employees, have prosecuted this appeal.

There is very little if any dispute in the facts. On September 27, 1947, the City of San Antonio passed Ordinance No. 5953, leasing to appellee the 7.5 acres of land, a part of its municipal airport, to be used by appellee as a foreign trade zone. Appellee made improvements upon the leased premises valued at $365,000, and expended approximately $10,000 in repairing and reconditioning certain of the temporary buildings. The temporary buildings on the lease were erected by the United States Government and belonged to it at the time

the original lease was made to appellee. The City' of San Antonio thereafter acquired title to all of the temporary buildings on the lease, on August 3rd and 4th, 1949. The City now contends that the lease to appellee in September, 1947, did not cover these temporary buildings because the City did not own them at that time and therefore could not lawfully lease them. On June 6, 1951, the City, through its employees, entered upon the lease and began tearing down these temporary buildings and this action followed.

If the lease was void as to the temporary buildings when made, it later was rendered valid because it was ratified in several ways by the City after it acquired title to such buildings. The original lease included nineteen temporary buildings, the boundary line passing through three others. When this fact was discovered, the City on June 1, 1950, passed an ordinance changing the leasehold boundary to include all of such temporary buildings and amended the lease in certain other particulars.

On May 24, 1951, the City passed an ordinance "Amending Section (a) of Paragraph 3a and Amended Section (n) of Paragraph 3a of That Certain Ordinance Passed and Approved on June 1, 1950, Entitled 'An Ordinance Amending Paragraph 3 of Ordinance 5953 Entitled "An Ordinance Making a Lease With Scobey Fireproof Storage Company for Property at the Municipal Airport for a Foreign Trade Zone", So as to Correct and Amend the Field Notes of the Property; and Further Amending Said Ordinance 5953 by Adding a New Paragraph Thereto to Be Known as Paragraph 3a, Granting to Scobey Fireproof Storage Company a Permit for the Construction, Maintenance and Operation of a Spur Railroad Track at Municipal Airport, and Defining the Terms and Conditions of Said Permit.' "

■ The City unquestionably had power to enter into the lease of September 29, 1947, and its contractual obligations under the lease were not void merely because the City did not have title to the temporary buildings on the lease. City of Beaumont v. Moore, 146 Tex. 46, 220 S.W.2d 448; 32 Am.Jur. 48, § 25. The City thereafter acquired title to these temporary buildings and, by the above ordinances, thereafter ratified and re-enacted the original lease, and the City is not now in a position to contend that appellee's lease does not cover these temporary buildings.

■ Under the facts as shown in this case it was the duty of the trial court to issue a temporary injunction preserving the status quo until there could be a final hearing upon the merits of the case, and in doing so the trial court did not abuse its discretion. 24 Tex.Jur. p. 313, § 253, p. 308, § 250; Johnson v. City of Richardson, Tex. Civ.App., 206 S.W.2d 98; Ransberger v. Leach, Tex.Civ.App., 109 S.W.2d 331; Hunstville Independent School District v. McAdams, Tex.Civ.App., 207 S.W.2d 165; Neill v. Johnson, Tex.Civ.App., 234 S.W. 147; Vinson v. City of Winters, Tex.Civ. App., 178 S.W.2d 142.

Appellants rely strongly on City of Big Spring v. Ward, 140 Tex. 609, 169 S.W.2d 151. That case is easily distinguishable from the present case in that it involved the right of the plaintiff to compensation alleged to be due him under a contract with the City of Big Spring, and the trial court sustained a general demurrer to plaintiff's petition because the contract was in violation of §§ 5 and 7 of Article 11 of the Constitution of Texas, Vernon's Ann.St., which prohibits the creation of a debt by a city without provision for its payment. It was shown that the contract was conditionally entered into and was to become effective only in the event the city later secured the money for the carrying out of the contract. There is no contention here that the lease of September, 1947, was conditionally entered into and it in no way created an indebtedness without provision for its payment.

The order of the trial court is affirmed.