MIERS v. CLARK et ux.

No. 14612.

Court of Civil Appeals of Texas. Dallas.
Nov. 21, 1952.

Rehearing Denied Dec. 12, 1952.

McKool, McDaniel & Bader, Dallas, for appellant.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellees.

YOUNG, Justice.

The suit of Clark and wife (appellees) was on a realty contract for specific performance, obtaining such relief in proceedings for summary judgment. Trial was to the court with timely appeal by vendor Miers.

On December 5, 1947 Miers and L. A. Strother (whose interest was later acquired by Miers) through written contract sold to George and Alma Clark a plot of land described as 10 ft. off east side of Lot 14 and all of Lot 15, Homeland Estates No. 2, an addition to the City of Dallas. Consideration was $495, $5 cash down and a like amount each month until fully paid; interest fixed at 8% and payable monthly on the unpaid balance of principal, i. e., along with each $5 installment. The contract required seller to execute deed on payment of one-half the purchase money, and contained the following provision, among others: "Time is declared to be the essence of this contract and if said purchaser shall fail to make any payment, as herein agreed, principal or interest, such failure shall give the seller the option to declare the whole of aforesaid principal with all accrued interest due and payable immediately and in such event the purchaser agrees to pay all costs of collection, court costs if any, and expense incurred in obtaining possession including an attorney's fee of ten per cent (10%) of the amount then owing; or, the seller shall have the right, at his option, to declare this contract at an end and to cancel the same, and thereupon any and every right of the purchaser hereunder shall cease, and all sums of money paid hereunder by purchaser to the seller, and all improvements on said land may be retained by the seller as rent for the use of said land. Failure of seller to enforce his rights or options hereunder shall never be construed as a waiver thereof, but said options shall continue in full force and effect so long as any sum owing hereon is in default."

These detailed facts appear as undisputed: That from December 5, 1947 to May 20, 1950 some $140 was paid on the principal sum; the $5 payments being fairly regular until October 1948, then at intervals in amounts from $5 to $25. During the first 13 months the collections were made by L. A. Strother on the ground; Miers then turning such matter over to W. E. Kline & Company, which firm receipted for the further payments. About January 1, 1951 appellant came to the office of Mr. Kline and made notation of "Cancelled. Don't take any money" on the Clark record of payments. Later, in March, the Clarks called at said office to make another payment and were refused; being advised that the contract had theretofore been terminated by Miers. They (the purchasers) promptly thereafter offered tender of the entire balance due to appellant, which being declined, precipitated the instant suit. By affidavit, Mrs. Hamilton (bookkeeper for W. E. Kline & Company) stated that each time the Clarks made a cash payment on the property she would call their attention to the arrears of payments and that unless the account was made current, their contract would be canceled. It is further not controverted that Kline & Company had no authority from Miers to cancel this contract, nor did the latter notify the Clarks prior to the purported cancellation entry of his intention to close them out on that date (January 1, 1951). From the deposition of Miers it may be inferred that said purchasers in possession had made improvements on the lot, which had enhanced in value since date of the earlier sale. It may be here noted that the contract became delinquent shortly after its execution, at least in matter of monthly interest; likewise as to principal payments after October of 1948.

Appellant's points of error are, in effect, (1) that as a matter of law under above quoted contract provision, the seller's failure to exercise his option of forfeiture did not constitute a waiver thereof so long as there was any sum due by the purchasers; (2) questions of fact were raised in the record precluding summary judgment, (a) of whether plaintiffs had abandoned the contract, (b) whether defendant through Kline Realty Company had given notice of default and made demand for payment on May 20, 1950, which was a reasonable time before forfeiture was declared, and (c) waiver by defendant of contract rights.

Plaintiffs at all material dates had been living on the property, thus refuting any possible claim of their having abandoned the contract. Furthermore, with full effect given to the quoted contract provision, defendant's right to claim a forfeiture thereunder must be availed of promptly; and cannot be exercised without preliminary notice and opportunity to pay, where the vendee has, by conduct of the vendor, been reasonably led to believe that the right of strict forfeiture will not be insisted upon. See 107 A.L.R., Annotations, p. 376, for cases the country over in support of the doctrine, inclusive of Texas. For later cases see also, Buck v. De Shazo, Tex.Civ.App., 5 S.W.2d 878; Hill v. James, Tex.Civ.App., 7 S.W.2d 910; Scott v. Molter, Tex.Civ.App., 119 S.W. 2d 603; Young v. Fitts, 138 Tex. 136, 157 S.W.2d 873; Waller v. Nethery, Tex.Civ. App., 188 S.W.2d 736. We further regard the essential facts of this record as undisputed, and applicable thereto are the following conclusions of law, succinctly stated in reply points of appellees, which we approve: "(1) Where appellant permitted appellees to remain continuously in default for three years, he could not suddenly and without previous demand and notice of intention so to do, declare a forfeiture merely because the contract provided that the right of forfeiture should continue as long as any sums owing remained in default. * * * (3) Repeated statements, if made, at various times over the period of a year and on the occasion of each payment by appellees to the effect that whenever appellees were in arrears it was necessary that the contract be brought up to date and that appellees remain current or their contract would be cancelled, is not the notice of intention to forfeit and demand required by law as a condition precedent to for-

feiture, especially where said statements were made by a clerk having no authority to serve notice of intention to forfeit or to forfeit said contract."

In order that the judgment herein affirmed be made performable without further proceeding on part of the trial court, it is deemed proper to supplement same by an additional provision, to wit: It is accordingly Ordered, Adjudged and Decreed by the Court that the appellant H. W. Miers, be, and he is hereby, ordered to execute his deed with general warranty conveying to the appellees, George Clark and wife, Alma Clark, that certain lot or parcel of land situated in Dallas County, Texas, described as "10 feet off the East side of Lot No. 14 (60 feet) and all of Lot No. 15, Block 17 of Homeland Estates No. 2, an Addition to the City of Dallas, as per plat of said addition duly recorded in Vol. ——, page ——, of the Records of Maps and Plats of Dallas County, Texas," and that within 30 days from the filing of the mandate in the trial court, he deliver said deed together with a title policy to said premises to the clerk of the District Court of Dallas County, Texas, and that said clerk shall thereupon pay to said appellant the $475.41 deposited in the registry of this court, less, however, all costs in this cause incurred, which costs are taxed against the appellant, H. W. Miers; provided that if appellant, H. W. Miers, fails to deliver such deed and title policy within said thirty day period, then this decree shall operate as a conveyance with general warranty of the described property, from appellant, H. W. Miers, to appellees, George Clark and Alma Clark, and appellees may procure a title policy as nearly in conformity with the contract as they are able to obtain, and upon presentation of a bill for the reasonable cost thereof, to be determined by the court, same shall be paid by the clerk and deducted from the $475.41 on deposit with said clerk, and the balance of such deposit, less costs, shall be paid to appellant, H. W. Miers. (*See Footnote.) It may be here noted that appellees' motion

for summary judgment is supported by depositions and affidavit; appellant's response thereto likewise by affidavit.

As reformed, the judgment under review is in all respects affirmed.

BOND, C. J., not sitting.

---

* This is pursuant to suggestion of appellees and in accord with, Moore v. Kirgan, Tex. Civ.App., 250 S.W.2d 759.