John KIMBROUGH et al., Petitioners,

v.

J. E. WALLING et al., Respondents.

No. A–9578.

Supreme Court of Texas.

Oct. 23, 1963.

Key, Carr & Clark and Aubrey J. Fouts, Lubbock, for petitioners.

Powell, Rauhut, McGinnis, Reavley & Lochridge and James W. Wilson, Austin, for respondents.

STEAKLEY, Justice.

John Kimbrough et al., petitioners, filed this suit to enjoin the Mayor, the Aldermen and the Treasurer of the City of Haskell, respondents, from expending City funds for attorneys' fees and expenses in the prosecution of an appeal suit from an order of the State Board of Water Engineers issuing an appropriation permit to the North Central Texas Municipal Water Authority. Petitioners were granted a permanent injunction by the trial court. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment for the respondents. Walling et al. v. Kimbrough et al., Tex.Civ.App., 365 S.W.2d 941. We affirm the judgment of the Court of Civil Appeals.

■■ The City of Haskell is a statutory municipality. As such it is expressly empowered "To provide, or cause to be provided, the city with water"; Article 1015, Subdivision 30, and related Article 1109, Vernon's Annotated Civil Statutes. The exercise of an express power granted to a city is within its discretion and partakes of a legislative nature. The courts will not regulate the exercise of such a power unless it is exercised in a manner clearly abusive thereof. Davis v. City of Taylor, 123 Tex. 39, 67 S.W.2d 1033. The law presumes that officers of municipal corporations act within the limits of their authority; that they act in good faith; and that they act in the best interests of the municipality they represent. Sayles v. City of Abilene, Tex. Civ.App., 290 S.W. 239; affirmed (Tex. Com.App.), 295 S.W. 578.

The North Central Texas Municipal Water Authority was created in 1957 by the Acts of the 55th Legislature; Article 8280–193, V.A.C.S. The Act provides that the Authority shall contain all of the territory contained in the boundaries of the cities of Seymour in Baylor County, Knox City, Munday and Goree in Knox County, Haskell, Rule and Rochester in Haskell County. Other territory within the counties may be annexed by a petition and election procedure. The Authority is empowered by Section 7 of the Act to obtain through appropriate hearings an appropriation permit from the Board of Water Engineers; presumably, the permit in question in this case was issued pursuant thereto. The Authority is authorized to construct a dam and all necessary facilities within the Counties of Baylor, Haskell, Knox and Throckmorton. It is authorized to acquire land, property and easements in the four counties. It is authorized to issue its negotiable bonds to be payable from its revenues and from taxes. It is authorized to enter into contracts with cities for supplying water to them and to contract for the rental or lease of existing facilities. The Authority cannot exercise any of the powers conferred by the Act unless and until its establishment is confirmed at an election and can contain only those cities in which there has been a majority vote favoring the confirmation. The status of the City of Haskell in this respect is not shown by the record in this case.

Petitioners urge their right to injunction upon the proposition that the City of Haskell is without authority as a matter of law to expend City funds in prosecution of the appeal suit. The factual support for the relief sought by petitioners consisted of proof of past and proposed future expenditures by the City of Haskell for such purpose. No attack is made upon the reasonableness of the expenditures themselves. Respondents in their answer admitted "that pursuant to their duties and responsibilities to provide a suitable municipal water supply for the City of Haskell and to safeguard the revenues of the City, the defendants have opposed and will continue to oppose the North Central Texas Municipal Water Authority in its efforts to construct the Millers Creek Dam and Reservoir as a source of municipal water supply for the City of Haskell * * * [and] have employed legal counsel to assist them in this effort and that they will continue to do so."

There is no evidence in the record concerning the terms of the permit issued by the Board, or of the location of what is referred to as the Millers Creek Dam and Reservoir, or of the effect, if any, of the proposed project upon the water supply of the City of Haskell. There are references in the briefs of the parties to, and extensive arguments based upon, a purported water supply contract between the Authority and the City of Haskell executed by a previous City Council. The record, however, is silent concerning this contract; neither the contract itself nor the facts and circumstances of its execution are in evidence.

Petitioners' contention that participation by the City in the appeal suit is beyond the express and implied powers of the City under Article 1015, Subdivision 30, and Article 1109, V.A.C.S., is bottomed on the assertions in their brief that the appeal suit from the order of the Board of Water Engineers has no "relation whatsoever to the power and the duty of the City to furnish a municipal water system, since the existence or nonexistence of the Water Authority and the dam which it proposes to construct would be entirely immaterial to the City and would not in any way interfere with the City's operation of its own municipal water system"; and that the Authority "does not propose to interfere in any way with the right of the City to maintain its own water system." There is, however, no factual support in the record for these assertions and we cannot assume that under no possible circumstances would the project authorized by the Board of Water Engineers have any effect upon, or interfere with, the maintenance by the City of its municipal water system. It is apparent that the sustainment of petitioners' right to injunctive relief under the record in this case would require a holding that under no conceivable state of facts would the City of Haskell be authorized to prosecute an appeal suit from the order of the State Board of Water Engineers issuing an appropriation permit to the Authority, and to expend its funds in payment of reasonable attorneys' fees and expenses incident thereto.

■ We agree with the Court of Civil Appeals in its holding that the manner in which the City of Haskell exercises the express power to provide a suitable water supply rests largely in the discretion of its governing body, and that the City possesses the implied power to oppose the implementation of a project which its governing body, in the exercise of reasonable discretion, considers to be detrimental to the present or future water supply which the City is required by statute to provide for its inhabitants. This is conclusive against petitioners in the absence of any factual showing that the decision to prosecute the appeal suit bears no reasonable relation to this statutory power and duty, or that respondents did not act in good faith and in the best interests of the City.

■ By further point of error petitioners contend that the Court of Civil Appeals erred in not remanding the case to the trial court for hearing on their application for permanent injunction, and that the justice of the case demands that they be given an opportunity to develop the facts before a final decision is reached. The contention that the Court of Civil Appeals erred in not remanding the case was not made in any assignment of error in the motion for rehearing in that court, as required by Rule 469(c), Texas Rules of Civil Procedure. We are therefore precluded from considering this point. Moore v. Dilworth, 142 Tex. 538, 179 S.W.2d 940 (on rehearing); East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613.

■ Petitioners seek to avoid application of the rule upon the proposition that the error which petitioners contend was committed by the Court of Civil Appeals— that of rendering judgment for respondents on the suit for permanent injunction, notwithstanding the holding of the Court of Civil Appeals that the trial court erred in granting a permanent injunction because

the hearing before the trial court was for temporary injunction—was a fundamental error which this Court can consider regardless of its nonassignment. The jurisdiction of the trial court was invoked to issue both a temporary and a permanent injunction, and its judgment was for a permanent injunction. Petitioners accepted this judgment and urged its correctness in the Court of Civil Appeals. The problem is not one of lack of jurisdiction in the trial court, or of fundamental error.

The judgment of the Court of Civil Appeals is affirmed.