James C. MORRIS, Appellant,

v.

Jerry MORRIS, Guardian of the Person and Estate of Molly C. Conley, Appellee.

Nos. 15765 and 15834.

Court of Civil Appeals of Texas, San Antonio, Texas.

July 13, 1977.

Charles J. Lieck, Jr., San Antonio, for appellant.

Hope, Henderson, Hohman & Georges, Wallace D. Henderson, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal by writ of error. Petitioner also filed a direct appeal involving the same judgment and both causes have been consolidated in this appeal. Suit was filed in the County Court at Law of Bexar County, Texas by Jerry Morris, Guardian of the Person and Estate of Molly C. Conley, against James C. Morris seeking an accounting, a monetary judgment, and attorney's fees. James C. Morris, a layman, prepared and timely filed an answer containing a general denial and special denials, and also setting forth the basic elements of a counter-claim or cross-action. Thereafter a judgment was entered in said cause on July 21, 1976 which recited that the defendant had been duly notified of a setting but failed to appear and made default, and judgment was granted for plaintiff against defendant in the amount of $6,899.22, and attorney's fees in the amount of $350. Defendant thereafter learned of such judgment, retained an attorney, and the herein application for writ of error was timely filed. It is undisputed that James C. Morris did not appear at such hearing either in person or by attorney.

Petitioner James C. Morris complains of lack of due notice, lack of jurisdiction, and that the judgment entered against him is void.

It is undisputed that petitioner did not receive notice of the setting of the case. He positively so testified, and stated that if he had known of the setting he would have appeared and presented an adequate defense. The statement of facts contains the

envelope from the attorney for respondent addressed to him which showed affirmatively that the letter was not received by him, but that it was returned to the sender with a notation thereon "unclaimed". James C. Morris testified that he never received the letter, nor was there any notice or slip left notifying him that there was a letter to be picked up.

Although there are several reasons why this judgment must be reversed, it is necessary only to discuss the lack of notice.

Rule 245, Tex.R.Civ.P., as amended, provides in part as follows: *"The court may set contested cases on motion of any party, or on the court's own motion, with reasonable notice of not less than 10 days to the parties, . . ."* (Emphasis ours) [1]

We have concluded that under the plain wording of Rule 245 there must be at least ten days notice to the parties of a setting in a contested suit. Moreover, there is a lack of due process as a fundamental requirement of due process as an opportunity to be heard. *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). Here, in a contested case where defendant had timely filed an answer, including a cross-claim for affirmative relief, a judgment has been rendered against him in excess of $6,000, plus attorney's fees, without any notice of hearing, and without an opportunity to be heard. This case must be reversed. Rule 245, Tex.R.Civ.P.; *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961); *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (1959); *Early v. Cornelius*, 120 Tex. 335, 39 S.W.2d 6 (1931); *Read, Individually and as Independent Executor of Estate of Cole, Deceased et al. v. Gee, Independent Executor of Estate of Freeland, Deceased,* 551 S.W.2d 496 (Tex.Civ. App.—Fort Worth, 1977) (not yet reported); *Ponca Wholesale Mercantile Company v. Alley,* 378 S.W.2d 129 (Tex.Civ.App.— Amarillo 1964, writ ref'd n.r.e.).

The judgment of the trial court is reversed and the cause remanded for a trial on the merits.

CADENA, Justice, concurring.

While I agree that the judgment below cannot stand because of inadequate notice, I cannot agree that such conclusion justifies a refusal to consider the point properly raised here by appellant that the trial court lacked jurisdiction of the subject matter of this suit. If appellant is correct, the proper order in this case would be one reversing the judgment below and dismissing appellees' suit, rather than one reversing and remanding for trial on the merits. It is reasonably foreseeable that the question of jurisdiction will be raised again at the second trial. See Rule 451, Tex.R.Civ.P.

---

1. It is noteworthy that Rule 245 was amended after the decision of the Supreme Court in *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633 (Tex.1974). It is evident from an examination of the rule before and after amendment, and the opinion in *Plains Growers,* that the obvious purpose of such amendment was to assure that there must be at least ten days notice of a setting in a contested case.