G.E. WILLIAMS, et al., Appellant,

v.

Jerry D. HOLLEY, Appellee.

No. 10–82–160–CV.

Court of Appeals of Texas,
Waco.

May 26, 1983.

Rehearing Denied May 26, 1983.

Robert J. Hanley, Waco, for appellant.

Jim Meyer and Vance Dunnam, Waco, for appellee.

HALL, Justice.

The defendants in the trial court, G.E. Williams and H.J. Sallee, appeal by writ of error a post-answer default judgment rendered on pleadings set forth for the first time in the plaintiff's first amended original petition filed after defendants had answered the original petition. For reversal, the defendants contend the judgment record does not show notice to them of the amended petition in accordance with the provisions of Rule 72, Vernon's Tex.Rules Civ.Proc.,[1] nor notice to them of the trial setting required by Rule 245. We affirm the judgment.

Rule 72 provides in pertinent parts as follows:

"Whenever any party files, or asks leave to file any pleading, plea, or motion of any character which is not by law or by these rules required to be served upon the adverse party, he shall at the same time either deliver or mail to the adverse party or his attorney of record a copy of such pleading, plea or motion. The attorney or authorized representative of such attorney, shall certify to the court on the filed pleading in writing over his personal signature, that he has complied with the provisions of this rule."

Under the provisions of Rule 245, defendants were entitled to 10 days notice of the trial setting upon which the default judgment was rendered.

The plaintiff, Jerry D. Holley, filed his original petition in this case on October 9,

1. All Rule references in this opinion are to    Vernon's Tex.Rules Civ.Proc.

1981. He alleged that in November, 1980, he leased to defendants a building and real property located in Austin, Texas; that defendants obligated themselves to pay as rental the sum of $4,000.00 per month; and that the rental payments for the months of July, August and September were presently due and owing. Plaintiff pleaded for recovery of this unpaid rent and for recovery of reasonable attorneys fees. Defendants answered this petition with a general denial filed on October 19, 1981, by a local attorney. On February 2, 1982, plaintiff filed his first amended original petition. He again pleaded the lease agreement calling for monthly rental at the rate of $4,000.00 per month, and he alleged that unpaid rent for eight months totaling $32,000.00 was now due and payable. Additionally he pleaded for recovery of an unspecified amount of taxes due from defendants under the terms of the lease, for the cost to repair damages inflicted upon the leased premises by defendants "in excess of $60,000.00," and for the recovery of reasonable attorneys fees. This amended petition did not contain the certification by plaintiff's attorney required by Rule 72 that he had delivered or mailed a copy of the amended pleading to defendants or their attorney.

No additional pleadings were filed by the parties.

On August 9, 1982, the trial court rendered and signed the judgment in the case awarding plaintiff recovery of $100,864.45 actual damages against defendants, and recovery of attorneys fees in the amount of $1,000.00. The judgment recites in part that the case came on for trial on August 9, 1982, "and came plaintiff, Jerry D. Holley, in person and by attorney, and the defendants, G.E. Williams and H.J. Sallee, having entered their appearance through filing of a general denial and having been notified of the trial setting their attorney of record, failed to appear and wholly made default; a jury being waived, the court, after presentation of testimony, evidence and arguments of counsel, finds that plaintiff is entitled to recover judgments against defendants . . ."

Defendants perfected this writ of error appeal on October 26, 1982. In addition to the transcript, the appellate record includes a statement of facts certified by the court reporter as containing a "true and correct transcription of all the proceedings in the above styled and numbered cause, on default hearing, all of which occurred in open court or in chambers and were reported by me." The evidence adduced at the trial supports the award of damages and attorneys fees made by the court, and defendants do not assert otherwise. The record of the trial shows irrefutably that the sum of $100,864.45 awarded plaintiff as damages was calculated by the court as follows: $32,000.00 for unpaid rental for eight months at $4,000.00 per month; $8,864.45 for taxes due; and $60,000.00 for damages to the leased building.

In their brief defendants recognize the rule that in order for a party appealing to the court of appeals by writ of error to obtain relief the invalidity of the judgment must be disclosed by the papers on file in the case. *Pace Sports, Inc. v. Davis Brothers Pub. Co., Inc.,* 514 S.W.2d 247 (Tex. 1974). They do not assert that the default judgment is invalid on its face, and it is not, for it affirmatively shows by its very terms jurisdiction of the person of defendants and of the subject-matter of the suit. Rather, defendants assert invalidity of the judgment because the record does not show they were given 10 days notice of setting of the trial required by Rule 245, and because the record does not show that a copy of plaintiff's amended petition was either delivered or mailed to defendants or their attorney as required by Rule 72 or that defendants otherwise had actual notice of the pleading. We do not agree with these contentions.

The right of a party to be heard in a contested case is fundamental, and failure to give adequate notice of the trial setting constitutes lack of due process. *P. Bosco & Sons Contracting Corporation v. Conley, Lott, Nichols Machinery Company,* 629 S.W.2d 142, 143–144 (Tex.Civ.App.—Dallas 1982, writ ref'd, n.r.e.). Similarly, a party is entitled to fair notice of the pleadings

upon which a judgment is rendered against him, and this rule is applicable in favor of a defendant against whom a post-answer default judgment is rendered. *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979). In our case, the record does not show that defendants did not have due notice of the trial setting, and it does not show they did not have due notice of plaintiff's amended petition upon which the default judgment was rendered. Defendants contend in essence that the trial court was without jurisdictional power to render the judgment and it was therefore invalid because the judgment record fails to show they had such notices. In other words, although defendants may actually have had such notices for all our record shows, defendants assert invalidity on the face of the record of the otherwise valid judgment because the record does not affirmatively show the notices, interpreting Rules 245 and 72 as supporting this contention. The simple proof of these notices should have been made by plaintiff at the trial, thus eliminating the problems now posed on appeal. Particularly, as to the amended petition, plaintiff's attorney should have complied with the certification provision set forth in Rule 72, thus providing prima facie record evidence of notice to defendants of the amended pleading. This was doubtless the purpose of the addition of this provision to the rule in 1978. Nevertheless, defendants have cited no authority and we have found none which supports their contention, and we do not believe that the construction and operation of Rules 245 and 72 proposed by defendants was intended by our Supreme Court in the promulgation of the rules. In the *Bosco* case, supra, the post-answer default judgment was set aside because the defendants did not have due notice of the trial setting required by Rule 245. However, the record in that case and in the cases cited in support of the decision affirmatively showed by undisputed evidence lack of notice of the setting. Likewise, in *Stoner v. Thompson,* supra, an award of money damages to the plaintiff in the nature of a default judgment was set aside because the defendant did not have notice of any pleading by plaintiff support-

ing the recovery for money damages, but the uncontradicted evidence in the record affirmatively showed lack of such notice to the defendant.

Defendants assert their position under Rule 72 is supported by the decision in *Farmer v. Cassity,* 252 S.W.2d 788, 792 (Tex.Civ.App.—Beaumont 1952, no writ), but we do not agree. Following the reasoning and suggestion in McDonald's Texas Civil Practice (see, now, 2 McDonald, Tex. Civ.Prac. § 8.11.1—[1982 Rev.]), the court in *Cassity* said that "the trial court ought first to have determined that a copy of the amended petition was sent or delivered as T.R. 72 prescribed, but . . . we hold that the defendants had to affirmatively demonstrate a violation of the rule. This has not been done, and [because the appellate record does not contain a statement of facts] it will be assumed in support of the judgment appealed from that plaintiff complied with T.R. 72." Defendants in our case construe this decision as an implicit holding that proof of compliance with Rule 72 must be made by the plaintiff at the trial of the default judgment. To the contrary, we view the holding that "the defendants had to affirmatively demonstrate a violation of the rule" as meaning that the record must affirmatively show that a defendant did not have the notice required by the Rule before he is entitled to have the judgment set aside.

■ Since our record does not show on its face that defendants did not have the notices to which they were entitled under Rules 245 and 72, we agree with plaintiff that defendants' remedy is a proceeding by bill of review provided by Rule 329b(f) where they will have the opportunity to prove the notices were not given.

Rule 73 provides certain sanctions that may be applied in the discretion of the trial court, "on motion," for the failure to furnish any pleading to the adverse party as required by Rule 72. Plaintiff points to the sanctions, suggesting they are the only remedy for noncompliance with the notice provisions of the preceding Rule. By its terms, Rule 73 assumes the complaining party is

before the court, and thus he would have actual notice of the amended pleading. The rule has no application under our facts.

Plaintiff also refers to allegations and material contained in a sworn "response to writ of error" filed by him in the trial court on October 29, 1982, and brought forward on appeal in a supplemental transcript, which show that plaintiff's attorney mailed a copy of the amended petition and notice of the setting of trial to defendants' attorney well in advance of the time of trial. The record of the trial does not show that this proof was before the court at the time judgment was rendered in the case, and for this reason we cannot consider it on appeal. *Grapevine Trucking, Inc. v. Shepherd,* 366 S.W.2d 950, 951 (Tex.Civ.App.—Fort Worth 1963, writ ref'd, n.r.e.).

Defendants' points and contentions are overruled. The judgment is affirmed.