**Hector TREVINO and Saul Trevino, Appellants,**

v.

**Melquiades GONZALEZ, Jr., et al., Appellees.**

**No. 04–87–00149–CV.**

Court of Appeals of Texas, San Antonio.

March 30, 1988.

Rehearing Denied May 11, 1988.

Guadalupe Castillo, Zaffirini, Cuellar & Castillo, Laredo, for appellants.

Thomas Crofts, Jr., Groce, Locke & Hebdon, San Antonio, John Pope, Pope, Guerrero & Molina, Margil Sanchez, Jr., Rio Grande City, Nago L. Alaniz, San Diego, Arnulfo Guerra, Roma, Abelardo Garza, San Diego, Thomas H. Lee, Houston, Emilio F. Gutierrez, Laredo, R.E. Lopez, Jr., Alice, for appellees.

Before REEVES, DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellants, Hector Trevino and Saul Trevino, appeal from a judgment awarding a certain parcel of land to appellees, Melquiades Gonzalez, Jr., Dora R. Gonzalez, Aide E. Escobar, Octavio Garza, and Bertha G. Garza. Trial was to the court on appellees' cross-action in which they claimed title to 29.44 acres of land by adverse possession under the ten-year statute of limitations.

The issues before us are:

1) whether appellants were given adequate notice of the trial setting;

2) whether the trial judge, who signed the judgment, had voluntarily recused himself earlier in the proceedings;

3) whether the trial court lacked jurisdiction to render the judgment; and

4) whether the evidence was legally and factually sufficient to support the judgment.

This cause originated in 1956 when the Roma Independent School District filed suit seeking collection of delinquent taxes and partition of approximately 4647 acres of land located in Starr County, Texas. Since the initial suit was filed, over 2000 defendants, including appellants and appellees, who have possible ownership interests in the land, have been named as parties. Appellees filed their cross-action to establish title in 29.44 acres situated on the 4647 acre tract of land. Trial of appellees' cross-action commenced on November 25, 1986. At the conclusion of the trial, the trial judge signed an "ORDER FOR SEVERANCE AND FINAL JUDGMENT ..." which awarded appellees title to the 29.44 acres and severed the cause involving title to the 29.44 acres from the original cause which involved the entire 4647 acre tract of land.

In the first two points of error, appellants contend that the trial court erred in denying appellants' motion for new trial and in entering judgment for appellees because appellants were not provided reasonable notice of the trial setting in viola-

tion of both Tex.R.Civ.P. 245 and the due process requirements of the United States Constitution.

Rule 245 provides:

The court may set contested cases on motion of any party, or on the court's own motion, with reasonable notice of not less than ten days to the parties, ...

Failure to give the required notice of the trial setting constitutes lack of due process and is grounds for reversal. *Morris v. Morris*, 554 S.W.2d 792 (Tex.Civ.App.—San Antonio 1977, no writ). Lack of notice, however, *must be demonstrated*. The trial court is presumed to have heard the case only after proper notice, and to overcome the presumption the record must affirmatively show by undisputed evidence lack of notice of the setting. *Alexander v. Russell*, 682 S.W.2d 370, 375 (Tex.App.—El Paso 1984), *rev'd on other grounds*, 699 S.W.2d 209 (Tex.1985); *Williams v. Holley*, 653 S.W.2d 639, 641 (Tex.App.—Waco 1983, writ ref'd n.r.e.).

Appellants rely on *Morris v. Morris*, 554 S.W.2d 792 (Tex.Civ.App.—4th Dist.1977) and *Read v. Gee*, 551 S.W.2d 496 (Tex.Civ. App.—Fort Worth 1977, writ ref'd n.r.e.). These cases, however, involved a record which affirmatively showed a lack of notice of the setting. In the case before us, appellants' argument is based solely on statements in the motion for new trial which merely allege that reasonable notice was not provided. We hold that appellants have failed in their burden of overcoming the presumption of proper notice. The points are overruled.

█ In their third point of error, appellants contend that the trial court erred in denying appellants' motion for new trial and in entering judgment for appellees because the judge who signed the judgment had voluntarily recused himself earlier in the proceedings.

The record reflects that the Honorable Ricardo H. Garcia entered an order on September 11, 1985, granting a motion to name a visiting judge. During the hearing on the motion, the following dialogue transpired:

THE COURT: These are the porcion cases.

MR. ROCHA: Yes, sir, that is correct. We have this morning filed a motion for this Court's consideration to appoint a visiting judge to hear these cases.

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: Well, once I do this I can't hold any other pretrial.

MR. ROCHA: I understand.

THE COURT: It's out of my hands.

MR. ROCHA: I understand.

THE COURT: So any pretrial will be handled by the visiting judge and by the way I thank you for this.

MR. ROCHA: Thank you, sir.

Appellants contend that Judge Garcia recused himself. We disagree.

The order to name a visiting judge directed the clerk of the court to contact the administrative judge to arrange for the appointment of a visiting judge. The clerk was further directed to report to the court no later than thirty days from the date of the order and advise the court on his efforts to secure the services of a visiting judge. On November 25, 1986, the date on which the cause came to trial, Judge Garcia noted in the record that a visiting judge could not be located.

THE COURT: First of all, the last entry I have in this says that a motion to name visiting judge granted. Let the record reflect that the chief justice of the fifth judicial administrative district has not been able to find a judge and appoint [sic] so he therefore sent it back to me for hearing or until they can find someone.... [T]his Court still has jurisdiction of this case until another judge is appointed.

It is apparent from the record that Judge Garcia did not recuse himself but merely requested a visiting judge. The point of error is overruled.

Appellants next contend that the trial court lacked jurisdiction since 28 U.S.C.

§ 2409a (1982)[1] and 28 U.S.C. 1346(f) (1982)[2] vest exclusive original jurisdiction of this suit in the federal district courts.

■ We note that the United States was not made a party to this suit.[3] Appellants argue however that § 2409a and § 1346(f) only require that the United States claim an interest in the land in order for the federal district courts to have exclusive original jurisdiction. Appellants conclude that because the United States claims easements, borrow sources, atomic mineral rights, and gratuitous options in the land in question, the United States is an indispensable party. *California v. Arizona*, 440 U.S. 59, 99 S.Ct. 919, 59 L.Ed.2d 144 (1979). Therefore, the federal district courts have exclusive original jurisdiction over appellants' cross-action. Keeping in mind that the land in question is the 29.44 acres involved in the cross-action, it is the appellants' burden to establish before this Court their contention that the United States claims an interest in the 29.44 acre tract.

Initially, appellants fail to direct this Court in their brief to any evidence in the record which supports the argument that the United States claims easements, borrow sources, atomic mineral rights, and gratuitous options in the 29.44 acre tract. Tex.R.App.P. 74(f) provides:

A brief of the argument may present separately or grouped the points relied

1. § 2409a reads:

   (a) The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights. This section does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may be or could have been brought under sections 1346, 1347, 1491, or 2410 of this title, sections 7424, 7425, or 7426 of the Internal Revenue Code of 1954, as amended (26 U.S.C. 7424, 7425, and 7426) or section 208 of the Act of July 10, 1952 (43 U.S.C. 666).

   (b) The United States shall not be disturbed in possession or control of any real property involved in any action under this section pending a final judgment or decree, the conclusion of any appeal therefrom, and sixty days; and if the final determination shall be adverse to the United States, the United States nevertheless may retain such possession or control of the real property or of any part thereof as it may elect, upon payment to the person determined to be entitled thereto of an amount which upon such election the district court in the same action shall determine to be just compensation for such possession or control.

   (c) The complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States.

   (d) If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.

   (e) A civil action against the United States under this section shall be tried by the court without a jury.

   (f) Any civil action under this section shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States.

   (g) Nothing in this section shall be construed to permit suits against the United States based upon adverse possession.

2. § 1346(f) reads:

   The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States.

3. The record reflects, however, that in 1983 several defendants in the original cause of action involving the 4647 acre tract of land attempted to join the United States as a party by filing a cross-action against the United States. Appellants subsequently filed a petition for removal in the United States District Court and had a hearing before the United States District Judge. The record taken during the removal hearing reflects that the United States was improperly joined since the cross-action was filed without leave of court. The United States District Judge indicated that the state court should have "the opportunity to decide whether or not the United States should be joined." He therefore signed an order to remand the cause to the state court. On remand, the state court denied a motion for leave to join the United States. Appellants, however, do not assign as error the failure to join the United States as a party, but rather contend the state court lacked jurisdiction as set out hereafter.

upon for reversal. The argument shall include: (1) a fair, condensed statement of the facts pertinent to such points, with reference to the pages *in the record* where the same may be found; and (2) such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue.... (emphasis added)

Appellants' brief cites to a number of documents in an "appendix" attached to their brief to support the argument that the United States claims these interests. We, however, are limited in our consideration to matters before us that were a part of the record made in the trial court. *Sabine Offshore Service, Inc. v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex.1979); *Pipe Line Park Properties, Inc. v. Fraser,* 398 S.W.2d 154, 155 (Tex.Civ.App.—Dallas 1965, no writ). The "appendix" is not a part of the record and therefore may not be considered by this Court. *Nixon v. Royal Coach Inn of Houston,* 464 S.W.2d 900, 901 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ).

Even assuming that this Court were to consider the "appendix" attached to appellants' brief, appellants' argument would still fail. Many of the documents which appellants refer to in the "appendix" are not legible. Of the documents which are legible, only one, a "JUDGMENT ON DECLARATION OF TAKING NO. 3," establishes an interest in any part of the original 4647 acre tract of land. It shows that in 1952 the United States took a perpetual easement in 67.45 acres situated on the 4647 acre tract of land. This judgment, however, fails to establish that the easement taken by the United States involves the 29.44 acres awarded to appellees and made the basis of this appeal. Appellants have therefore failed in their burden of sufficiently demonstrating facts in the record which would vest exclusive original jurisdiction of the cause before us in the federal courts.

Furthermore, we have examined the entire record, and fail to find any evidence that the United States has an interest in the 29.44 acre tract which is the subject of the appeal. We note that a transcript of the removal hearing in the United States District Court involving the entire 4647 acre tract and a copy of the "JUDGMENT ON DECLARATION OF TAKING NO. 3" were admitted into evidence at the state court hearing for leave to join the United States as a party. The transcript of the federal court hearing reflects that one "Ms. Stacey" stated the United States had an interest, but the transcript is unclear as to what area the interest covered, what the interest might be, who "Ms. Stacey" was, or with what authority the statement was made without the dignity of an oath. Nevertheless, nothing in the transcript or the "Judgment on Declaration of Taking No. 3" establishes that the United States has an interest in the 29.44 acre tract which is the subject of the appeal. The point is overruled.

In the final points of error, appellants contend the record contains no evidence or, alternatively, insufficient evidence to sustain the judgment.

A no evidence point is a question of law, and we can consider only that evidence and the reasonable inference therefrom which, viewed in its most favorable light, support the finding of the jury or the court without a jury, and we must reject all evidence or reasonable inferences to the contrary. *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401 (Tex.1981); *McClure v. Allied Stores of Texas, Inc.,* 608 S.W.2d 901, 904 (Tex.1980). In determining the sufficiency of the evidence "the court of appeals must consider and weigh all the evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986). However, we must always remain cognizant that it is for the jury, or the court without a jury, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the evidence. *Town & Country Mobile Homes, Inc. v. Bilyeu,* 694 S.W.2d 651, 656 (Tex.App.—Fort Worth 1985, no writ); *Precision*

*Homes, Inc. v. Cooper,* 671 S.W.2d 924, 929 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Therefore, in determining the sufficiency of the evidence, appellate courts must recognize what the jury or court without a jury, in their discretion, chose to believe. In so doing, we must accept the resolution of any conflicts or inconsistencies in the evidence by the jury or court without a jury and not attempt to substitute our judgment for theirs. *Pool v. Ford Motor Co.,* 715 S.W.2d at 634.

■ The record reflects that Eloy Vera, a civil engineer and licensed surveyor, was employed by appellees to survey the 29.44 acres claimed by appellees. Vera testified that he looked at certain maps which had been prepared by Homer Trimble. These maps were on record in the District Clerk's office and also in the central appraisal office for the county, but were not placed in evidence at this trial. Appellants argue that the survey prepared by Vera, which is the only evidence supporting the metes and bounds description incorporated into the judgment, relied on maps not in evidence and therefore constitutes no evidence or insufficient evidence. We disagree.

The testimony of Vera is that he only looked at the Trimble maps. There is no testimony that he ever relied upon the maps when conducting his survey, and certainly none that he exclusively relied on the maps. Vera's testimony, in fact, reflects that his metes and bounds description is tied by reference to the north abutment of a bridge which is a permanent identifiable structure. In conducting the survey, Vera testified that he went only by the fence line surrounding the 29.44 acres. The description of the land in the survey, then, is simply a description of the land as found by Vera when he walked along the fence surrounding the property and is not necessarily dependent upon the Trimble maps. Considering all the evidence under the appropriate standards of review, we cannot conclude that the judgment "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain,* 709 S.W.2d at 176.

The judgment of the trial court is affirmed.

## ON APPELLANTS' MOTION FOR REHEARING

In their motion for rehearing, appellants for the first time raise several previously unassigned and unpreserved points of error. They contend that because these new points are fundamental errors, it is permissible to raise them for the first time on rehearing.

The new issues before us are:

1) whether the trial court committed fundamental error in failing to appoint an attorney to represent and defend the persons cited by publication as mandated by Tex.R. Civ.P. 759;

2) whether the trial court committed fundamental error in failing to join the United States of America as an indispensable party;

3) whether the trial court committed fundamental error in failing to follow the rules pertaining to partition of real property, Tex.R.Civ.P. 760–769; and

4) whether the trial court committed fundamental error in entering judgment for appellees, because the record reflects the citation by publication was quashed and a new citation was not issued.

The general rule is that points of error raised for the first time in a motion for rehearing are too late and will not be considered. *Watson v. Glen Falls Insurance Company,* 505 S.W.2d 793, 797 (Tex.1974); *Great Commonwealth Life Ins. Co. v. Olton State Bank,* 607 S.W.2d 604, 608 (Tex. Civ.App.—Amarillo 1980, no writ) (on rehearing). However, fundamental error may be raised for the first time in a motion for rehearing. *City of Arlington v. Bardin,* 478 S.W.2d 182, 191 (Tex.Civ.App.— Fort Worth 1972, writ ref'd n.r.e.) (on rehearing). As a general rule

Error which directly and adversely affects the interest of the public generally was specifically held to be fundamental in *Ramsey v. Dunlop* [, 146 Tex. 196, 205 S.W.2d 979 (1947) ]. Error in assuming jurisdiction where none exists was held

to be fundamental in *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265 (1957). On the other hand, errors occurring in the trial process have been consistently held not to be fundamental. *See State v. Sunland Supply Co.*, Tex.Sup., 404 S.W.2d 316 (1966); *Kimbrough v. Walling*, Tex.Sup., 371 S.W.2d 691 (1963); *St. Paul Fire & Marine Ins. Co. v. Murphree*, 163 Tex. 534, 357 S.W.2d 744 (1962); *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960); *Texas Co. v. State*, 154 Tex. 494, 281 S.W.2d 83 (1955); *City of Deer Park v. State*, 154 Tex. 174, 275 S.W.2d 77 (1955); *Worden v. Worden*, 148 Tex. 356, 224 S.W.2d 187 (1949).

*Newman v. King*, 433 S.W.2d 420, 422 (Tex.1968).

■ In the first new complaint, appellants contend the trial court committed fundamental error in failing to appoint an attorney to represent and defend persons cited by publication as mandated by Tex.R.Civ.P. 759.

Tex.R.Civ.P. 759 is a requirement specifically applicable to partition suits. Although the original suit involving the 4,647 acres did contain a partition request, it has since been severed and is not before this court. The only cause before this court is appellees' cross action as to the 29.44 acres which is based purely on an adverse possession claim. Since the cause of action before us is not a partition suit, Tex.R.Civ. P. 759 does not apply. We note nevertheless, that appellants were apparently properly served, were before the court, and were represented by counsel in the original cause of action. We also note that appellants' counsel, after filing a general denial on behalf of the appellants in the original cause of action, were properly notified as to the cross action which is the subject of this appeal. Tex.R.Civ.P. 124.

Further, although we need not reach the issue, under these circumstances it is doubtful that the failure to appoint an attorney for persons cited by publication would be considered fundamental error as to appellants. We note that such a failure would not fall under the fundamental error

definition of the Texas Supreme Court, that appellants were represented by counsel at all times, and that the Supreme Court has held that the failure to appoint a guardian ad litem for a minor is not fundamental error. *Newman v. King*, 433 S.W.2d at 422. The point is overruled.

Appellants next contend that the trial court committed fundamental error in failing to join the United States of America as an indispensable party.

Failure to join an indispensable party is fundamental error and may be raised for the first time on a motion for rehearing. *City of Arlington v. Bardin*, 478 S.W.2d at 191. However, it is appellants' burden to establish before this court that the United States claims an interest in the 29.44 acre tract which is the subject of this appeal. Unless appellants carry out this burden, the United States cannot even be considered as a possible indispensable party. As more clearly set out in this court's original opinion regarding the jurisdiction complaint, appellants have failed to carry out their burden in this respect. The point is overruled.

Appellants next contend the trial court committed fundamental error in failing "to follow the rules pertaining to partition of real property, Rules 760–769, T.R.C.P."

As more fully discussed in the first new point of error on rehearing, the cause of action before this court is not a partition suit, and the rules complained of do not apply. Further, although we need not reach the issue, this complaint does not appear to fall under the fundamental error definition of the Supreme Court. *Newman v. King*, 433 S.W.2d at 422. The point is overruled.

■ In the last new complaint, appellants argue that the trial court committed fundamental error because the record reflects the citation by publication was quashed and a new citation was not issued.

The publication citation referred to was issued in the original cause of action involving the 4,647 acres which, we repeat, has been severed and is not before this court. Since no complaint is made to the service in

the cause before this court, the point is irrelevant.

Furthermore, the judgment on the cross action involving the 29.44 acres, which is before this court, "finds and determines that all parties to this action were properly given due notice." "[O]rdinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites)." *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965). Where a presumption in favor of a judgment exists, an appellant has the burden of clearly and affirmatively showing his allegations by the record to overcome the presumption. *Alexander v. Russell,* 682 S.W.2d at 375; *Williams v. Holley,* 653 S.W.2d at 641.

In this case, appellants rely entirely on a docket notation that the original citation by publication in the original suit was quashed. However, the trial statement of facts of the cause before us indicates that although the original publication citation was quashed, a new one was reissued and served. Further, the record reflects that appellants were apparently properly served, filed a general denial through their attorney of record, and received proper notice of the cross-action through their attorney of record. Tex.R.Civ. 124. Therefore, even if we considered this complaint, we must hold that appellants have failed to overcome the presumption of proper service. The last complaint is overruled.

The remaining rehearing complaints have been addressed in the original opinion.

The motion for rehearing is denied.