No. 04-00-00827-CV



IN THE INTEREST OF Sandy Jo MADEIROS, 


April Ann Madeiros, and Bruce G. Madeiros, Children



From the 150th Judicial District Court, Bexar County, Texas


Trial Court No. 1996-CI-02714


Honorable Samuel B. Katz, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Paul W. Green, Justice


Delivered and Filed: November 14, 2001 


AFFIRMED

 Bruce G. Madeiros, Jr. ("Bruce") appeals a default judgment. The sole issue on appeal is
whether Bruce received proper notice of the hearing at which the judgment was rendered. We affirm
the trial court's judgment.

Background


 Bruce and Laura Ann Madeiros ("Laura Ann") were parties to a final divorce. On April 26,
2000, the attorney general filed a motion for enforcement of child support. On June 16, 2000, Laura
Ann filed a motion to modify the parent-child relationship. Both the attorney general's motion and
Laura's motion were filed under the same trial court cause number. On July 3, 2000, Bruce filed a
general denial with a certificate of service to Laura's attorney. On July 31, 2000, the trial court
entered an order denying the attorney general's motion for enforcement.

 On August 3, 2000, Bruce filed a petition to modify the parent-child relationship and a
petition for enforcement by contempt. On September 18, 2000, Bruce filed a motion to modify
parent-child relationship and a petition for enforcement by contempt. On November 1, 2000, Laura
Ann filed a general denial in response to Bruce's motions and requested a protective order.

 The motions were set for hearing on November 8, 2000. Laura's attorney stated that notice
of the hearing was sent to Bruce by certified mail but was returned "failure to pick up." Laura's
attorney stated that notice also was sent to Bruce by regular mail.

 After hearing evidence from several witnesses and interviewing two of the children in
chambers, the trial court entered an order modifying the final divorce decree to require Bruce's
visitation to be supervised either by Kid's Exchange or by a competent adult chosen by Laura Ann.
The trial court also granted Laura a separate domestic violence protective order and denied Bruce's
motions.

 Bruce filed a motion for new trial, asserting that he did not receive notice of the November
8, 2000 hearing. At the hearing on the motion for new trial, Laura's attorney stated that notice of
the hearing was sent by certified and regular mail on September 20. The trial court reviewed the
certified mailing, verified that it was sent to the correct address, and noted that it was returned
unclaimed after notices were given on October 3, October 11, and October 18. The trial court denied
the motion for new trial.


Discussion


 Although Bruce asserts two points of error, his second point of error relates to his contention
that the trial court erroneously appointed his brother as a person to supervise visitation. We overrule
this point of error because the trial court's written order does not appoint Bruce's brother to
supervise visitation.

 In his first point of error, Bruce asserts that the trial court's order was improper because he
did not receive adequate notice. Bruce contends that he was entitled to 45 days notice under rule 245
of the Texas Rules of Civil Procedure. Laura responds that Bruce was not entitled to 45 days notice
because he had not filed an answer. The record contains a general denial filed in the underlying
cause by Bruce on July 3, 2000. Laura appears to argue that the general denial was in response to
the attorney general's motion, not her motion to modify. However, the general denial denies all
allegations against Bruce, which would include the allegations made in both motions. Accordingly,
Bruce was entitled to 45 days notice of the hearing. See Tex. R. Civ. P. 245. 

 The refusal of a trial court to grant a new trial will not be disturbed on appeal absent a clear
abuse of discretion. Platt v. Platt, 991 S.W.2d 481, 482 (Tex. App.--Tyler 1999, no pet.). The law
presumes that a trial court will hear a case only after proper notice to the parties. Welborn-Hosler
v. Hosler, 870 S.W.2d 323, 328 (Tex. App.--Houston [14th Dist.] 1994, no writ); Trevino v.
Gonzalez, 749 S.W.2d 221, 223 (Tex. App.--San Antonio 1988, writ denied). Bruce had the burden
of rebutting this presumption by affirmatively showing lack of notice. Hosler, 870 S.W.2d at 328;
Trevino, 749 S.W.2d at 223. The presumption is not rebutted by merely claiming in a motion for
new trial, unsupported by affidavit or other competent evidence, that there was no proper notice.
Hosler, 870 S.W.2d at 328; Trevino, 749 S.W.2d at 223.

 Bruce failed to present competent evidence to rebut the presumption of proper notice. In
addition, the record demonstrates that notice of the hearing was sent by certified mail more than 45
days in advance of the hearing. At the hearing on the motion for new trial, the trial court repeatedly
questioned Bruce about his failure to accept service. Constructive notice of a document can be
imputed based on a person's refusal of certified mail. See Sharpe v. Kilcoyne, 962 S.W.2d 697, 700
(Tex. App.--Fort Worth 1998, no pet.); Zuyus v. No'Mis Communications, Inc., 930 S.W.2d 743,
746 (Tex. App.--Corpus Christi 1996, no writ); Gonzales v. Surplus Ins. Serv., 863 S.W.2d 96,
101-102 (Tex. App.--Beaumont 1993, writ denied). Bruce was not entitled to thwart the judicial
process by refusing certified mail. Barnes v. Frost Nat'l Bank, 840 S.W.2d 747, 750 (Tex.
App.--San Antonio 1992, no writ) (Peeples, J., concurring). If Bruce had accepted service of the
certified mailing, he would have had proper notice. The trial court did not abuse its discretion in
denying Bruce's motion for new trial. Bruce's first point of error is overruled.

Conclusion


 The trial court's judgment is affirmed.


 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH