NO. 12-02-00091-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


§
 APPEAL FROM THE 294TH


IN THE INTEREST OF

§
 JUDICIAL DISTRICT COURT OF

D.N.R., A CHILD


§
 VAN ZANDT COUNTY, TEXAS

 

 Sandy Jean Ray ("Sandy") appeals the trial court's final decree of divorce, in which Danny
Lee Ray ("Danny") was appointed sole managing conservator of D.N.R. Sandy raises one issue on
appeal. We affirm. 


Background

 Danny filed his original petition for divorce on September 5, 2001. In his petition, Danny
requested certain temporary orders. Sandy was served with citation on September 6, 2001. A
hearing was held on Danny's temporary orders on September 10, 2001, resulting in agreed temporary
orders between the parties. On September 26, 2001, Sandy wrote a letter to the trial court in
response to the petition with which she was served. In that letter, Sandy also informed the trial court
that she was not represented by counsel. On November 8, 2001, a final hearing was conducted on
the matter. Sandy did not attend the November 8 hearing. A default judgment was taken against
Sandy, and Danny was named sole managing conservator of the couples' child, D.N.R. Sandy was
named possessory conservator. (1)

 After filing a pro se motion for new trial, Sandy retained counsel and moved for leave to file
an amended motion for new trial out of time. The trial court granted Sandy leave and she filed her
first amended motion for new trial on February 12, 2000, contending that she had not been given
notice of the final hearing in accordance with Texas Rule of Civil Procedure 245. Danny filed a
response supported by affidavit, in which he stated that he had personally advised Sandy that he was
getting the divorce set for final hearing as soon as the sixty-day waiting period had expired. Sandy's
first amended motion for new trial was overruled by operation of law and this appeal followed.


Forty-five Day Notice Requirement Pursuant to Rule 245

 Texas Rule of Civil Procedure 245 provides as follows:


 The Court may set contested cases on written request of any party, or on the court's own motion, with
reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by
agreement of the parties; provided, however, that when a case previously has been set for trial, the
Court may reset said contested case to a later date on any reasonable notice to the parties or by
agreement of the parties. Noncontested cases may be tried or disposed of at any time whether set or
not, and may be set at any time for any other time.



Tex. R. Civ. P. 245. Failure to give a party in a contested case adequate notice of a trial setting
violates due process. See Alvarado v. Magic Valley Elec. Co-Op, Inc., 784 S.W.2d 729, 732 (Tex.
App.-San Antonio 1990, writ denied). However, notice of trial setting ordinarily does not appear
in the transcript and need not affirmatively appear in the record. See Prihoda v. Marek, 797 S.W.2d
170, 171 (Tex. App.-Corpus Christi 1990, writ denied). Rather, the law presumes that a trial court
will hear a case only after proper notice to the parties. See Jones v. Texas Dep't of Pub. Safety, 803
S.W.2d 760, 761 (Tex. App.-Houston [14th Dist.] 1991, no writ); Trevino v. Gonzalez, 749 S.W.2d
221, 223 (Tex. App.-San Antonio 1983, writ denied). In order to rebut this presumption, Sandy has
the burden to show affirmatively a lack of notice. Id.; Williams v. Holley, 653 S.W.2d 639, 641
(Tex. App.-Waco 1983, writ ref'd n.r.e.). 

 In the instant case, although Sandy claims lack of notice solely by statements in her first
amended motion for new trial, no affidavit or other competent evidence demonstrating a lack of
notice was attached to this motion. Sandy has thus failed to rebut the presumption of proper notice. 
See Jones, 803 S.W.2d at 761. Sandy's first issue is overruled.

 Accordingly, the trial court's final divorce decree is affirmed.




 SAM GRIFFITH 

 Justice


Opinion delivered August 30, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


























(DO NOT PUBLISH)
1. Reference to other orders made by the trial court in the final divorce decree not relevant to the issue raised
on appeal are omitted in the interest of brevity and clarity.