Opinion issued November 9, 2006 


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00990-CV
__________
 
ALEJANDRA SOFIA IZAGUIRRE, Appellant
 
V.
 
MORTON ROAD MUNICIPAL UTILITY DISTRICT, Appellee
 

 
 
On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2005-03449
 

 
 
MEMORANDUM OPINION
          Appellant, Alejandra Sofia Izaguirre, challenges the trial court’s post-answer
default judgment rendered in favor of appellee, Morton Road Municipal Utility
District (“Morton”), in Morton’s suit against Izaguirre for delinquent taxes. In her
sole issue, Izaguirre contends that “she did not err by not appearing in court on
October 7, 2005 because she was misinformed and she was not notified by mail or by
another means requesting her presence at that hearing” and that she “was denied due
process when the court failed to notify her by mail of the date of the hearing.”
          We affirm. 
Procedural Background
          After Morton filed its suit against Izaguirre, she filed an original answer
generally denying Morton’s allegations. Morton subsequently filed a motion for
default judgment, which was set for a hearing on August 12, 2005. The parties agree,
and the trial court’s docket sheet reflects, that Izaguirre appeared at the August 12,
2005 hearing. On its docket sheet, the trial court noted that at the August 12, 2005
hearing, the trial court set the case for trial on October 7, 2005. The docket sheet also
reflects that the case was called for trial on October 7, 2005, Izaguirre did not appear,
a trial was conducted, Morton presented evidence, and “[j]udgment [was]
[r]ecommended [p]er Tax Master’s Report.” 
          At the beginning of the the October 7, 2005 trial, which was recorded, the
Honorable Michael Landrum, who presided as “Tax Master,” recited that although
Izaguirre was notified of the October 7, 2005 setting when she had “appeared on
August 12th,” and was also later notified by mail, she did not appear. Morton
presented the merits of its case and introduced evidence, and, at the conclusion of the
hearing, the tax master stated that he “recommended the entry of judgment.” 
          On October 14, 2005, the trial court


 signed a final judgment in favor of
Morton. In its judgment, the court stated that Izaguirre “[w]as previously served with
citation and has appeared in this suit but did not appear for trial.” Izaguirre did not
file a motion for new trial or a motion to set aside the default judgment.
Notice
          In her sole issue, Izaguirre argues that “she did not err by not appearing in court
on October 7, 2005 because she was misinformed and she was not notified by mail
or by another means requesting her presence at that hearing” and that she “was denied
due process when the court failed to notify her by mail of the date of the hearing.” 
In her brief, Izaguirre asserts that at the August 12, 2005 hearing, she was told to
reappear on October 10, 2005. She also asserts that when she appeared on October
10, 2005, she was told that “the hearing had taken place the week prior and that the
judge had decided to file judgment against her.” Morton counters that, at the August
12, 2005 hearing, the parties orally agreed to set the case for trial on October 7, 2005. 
It also asserts that Izaguirre was served with notice of the trial by registered mail “as
noted in the findings by the judge in the record.”


 
          A trial court may set contested cases on the written request of any party, or on
the court’s own motion, with reasonable notice of not less than forty-five days notice
of the first trial setting, or by agreement of the parties, and then may reset the case to
a later date “on any reasonable notice” or by agreement of the parties. See Tex. R.
Civ. P. 245; Osborn v. Osborn, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.]
1997, pet. denied). A failure to give a party in a contested case adequate notice of a
trial setting violates due process. Jones v. Tex. Dep’t of Pub. Safety, 803 S.W.2d 760,
761 (Tex. App.—Houston [14th Dist.] 1991, no writ). It is also grounds for reversal
of a default judgment. Hanners v. State Bar of Tex., 860 S.W.2d 903, 907 (Tex.
App.—Dallas 1993, no writ).
          If the record is completely silent on whether notice of the trial assignment was
given, there is no error shown on the face of the record. Garcia v. Arbor Green
Owners Ass’n, Inc., 838 S.W.2d 800, 803 (Tex. App.—Houston [1st Dist.] 1992, writ
denied). This is because the rules do not impose a duty on the trial court or the
parties to place in the case file evidence that notice of the trial setting was given. Id. 
Consequently, proof of notice of the trial setting ordinarily does not, and need not,
appear in the record. Id. Moreover, the law presumes that the trial court will hear a
case only after proper notice has been given to the parties. Osborn, 961 S.W.2d at
411. A party seeking to rebut this presumption has the burden to affirmatively show
lack of notice. Jones, 803 S.W.2d at 761. This burden is not discharged by mere
allegations that are unsupported by affidavits or other competent evidence. Id.; see
also Hanners, 860 S.W.2d at 908.
          In support of her arguments, Izaguirre relies on Morris v. Morris, 554 S.W.2d
792 (Tex. Civ. App.—San Antonio 1977, no writ). However, in Morris it was
“undisputed” that the defendant against whom default judgment was rendered did not
receive notice of the setting. Id. at 792. The defendant “testified” that he did not
receive notice, and an envelope contained in the record “showed affirmatively” that
the defendant did not receive a letter notifying him of the setting. Id. at 792–93. The
court of appeals reversed the trial court’s default judgment after concluding that the
judgment had been rendered against the defendant without affording him any notice
or opportunity to be heard. Id. at 793. 
          Here, at the beginning of the October 7, 2005 trial, the trial court noted that
Izaguirre was notified of the October 7, 2005 trial setting at the August 12, 2005
hearing and by mail, but failed to appear. This constitutes some evidence in the
record that proper notice was given. See Osborn, 961 S.W.2d at 411. The absence in
the record of a written notice regarding the October 7, 2005 trial date does not
establish that Izaguirre did not receive proper notice of the trial date. See Garcia, 838
S.W.2d at 803 (stating that “absence from the record of affirmative proof of notice
does not establish error”). Based on our review of the face of the record, we hold that
the trial court did not err in rendering judgment in favor of Morton on the ground that
Izaguirre did not receive proper notice of trial.


 
           Additionally, we note that Izaguirre did not file a motion for new trial in the
trial court, did not provide the trial court with any affidavits or other competent
evidence asserting that she did not receive adequate notice, and is not arguing on
appeal that the trial court erred in overruling a timely filed motion for new trial or
motion to set aside a default judgment. See Tex. R. Civ. P. 324(b)(1) (stating that
motion for new trial is prerequisite to preserve complaint on appeal for “which
evidence must be heard such as one of . . . failure to set aside judgment by default”). 
Accordingly, to the extent that Izaguirre is attempting to raise a complaint that the
trial court erred in denying her a new trial or in setting aside the judgment on a timely
filed motion requesting such relief on the ground that she did not receive proper
notice of trial, she has waived any error on this ground by failing to file any such
motion supported by an affidavit or other competent evidence. See Tex. R. Civ. P.
324.   
          We overrule Izaguirre’s sole issue.
ConclusionWe affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.